No. 94-190

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN RE THE MARRIAGE OF

DOROTHY A. REESE,

     Petitioner and Respondent,

  and

MARVIN K. REESE,

     Respondent and Appellant.

FILED

NOV 1 - 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Dorothy McCarter, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

       Edmund F. Sheehy, Jr., Cannon & Sheehy,
       Helena, Montana


    For Respondent:

       Ann L. Smoyer, Attorney at Law, Helena,
       Montana


Submitted on Briefs: October 5, 1994

Decided:  November 1, 1994

Filed:

_____
'Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a First Judicial District, Lewis and Clark County, decision in a marriage dissolution action. We affirm.

Dorothy A. Reese (Dorothy) and Marvin K. Reese (Marvin) were married on October 14, 1983. Dorothy filed her petition for dissolution on August 9, 1993. In her petition, Dorothy prayed for an equitable distribution of marital property, maintenance in the amount of $500 per month, attorney's fees, and that her maiden name of Johnson be restored. In his responsive pleading, Marvin prayed for an equitable distribution of marital property, that maintenance be denied, and that each party pay their own attorney's fees.

On December 29, 1993, the District Court held a hearing on the matter. On March 21, 1994, the court entered its findings of fact, conclusions of law, and decree. The decree dissolved the parties' marriage, divided the marital property, awarded Dorothy maintenance in the amount of $275 per month until Dorothy remarries or the court orders otherwise, restored Dorothy's maiden name of Johnson, and ordered each party to pay their own attorney's fees.

The sole issue presented for review is whether the District Court erred in distributing the marital property.

Our standard of review in marital property division cases is whether the district court's findings of fact are clearly erroneous. In re Marriage of Maedje (1994), 263 Mont. 262, 265-66, 868 P.2d 580, 583. When there is substantial credible evidence to support the court's findings and judgment, this Court will not

2

alter the trial court's decision absent an abuse of discretion. Marriaae of Maedje, 868 P.2d at 583.

The District Court's division of the marital property gave Dorothy property worth $50,109.50 and Marvin property worth $47,209.50. Marvin does not object to the division of personal property, but takes issue with the division of the family home. By stipulation of the parties, the family home was valued at between $65,000 and $70,000. The court ordered the home sold and the proceeds evenly divided or, in the alternative, one party may buy out the other's interest for $33,750.

Section 40-4-202, MCA, governs the distribution of marital property. In relevant part, it states:

> In a proceeding for dissolution of a marriage, . . . the court, without regard to marital misconduct, shall . . . finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both. In making apportionment, the court shall consider the duration of the marriage and prior marriage of either party: the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; custodial provisions: whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit. . . .

Section 40-4-202(1), MCA. From our review of the court's findings of fact, it is apparent that the court sufficiently considered these factors.

Marvin argues that the District Court erred because it did not properly consider the source of the marital home. He contends that

3

he put more money into the purchase of the home, thus it is inequitable to divide the home evenly. He cites In re Marriage of Watson (1987), 227 Mont. 383, 739 P.2d 951, in support of his argument. In Marriage of Watson, most of the marital property at issue had belonged solely to the wife, who brought that property into the marriage with her. Marriage of Watson, 739 P.2d at 952. In the present case, the marital home was purchased during the marriage, thus Marriage of Watson is inapplicable to the present case. We hold that there is substantial evidence to support the District Court's findings and judgment, and the court did not abuse its discretion in its division of the marital property.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices

4